IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MICHAEL RAY SCOTT,**

    **Plaintiff,**

    v.                                          CASE NO. 24-3151-JWL

**BARBARA NASH, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Michael Ray Scott is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

### I. Nature of the Matter before the Court

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Seward County Jail in Liberal, Kansas ("SCJ"). The Court granted Plaintiff leave to proceed in forma pauperis. (Doc. 4.)

Plaintiff alleges that on December 21, 2022, Defendant Barbara Nash "remarkably, compentant [sic], knowingly, deliberately, intentionally grossly failed to provide Defense Counsel of case SW-22-CR-432." (Doc. 1, at 2.) Plaintiff alleges legal malpractice and violations of the Sixth Amendment, Kansas Rules of Conduct, and the American Bar Association Standards. *Id*. at 3. Plaintiff alleges that Nash "allowed" the Seward County District Court to "articulate to benefit the state neglecting rights of Plaintiff." *Id*.

Plaintiff also claims he was subjected to an illegal search and seizure. *Id*. at 4. Plaintiff alleges that Defendant Steckel stopped Plaintiff's car and detained its occupants on December 21, 2022, without reasonable cause. *Id*. at 10. Plaintiff alleges that the stop turned up

1

incriminating evidence—drugs, handgun, school zone—and both Plaintiff and the other occupant of the car are felons. *Id*.

Plaintiff names as defendants: Barbara Nash, Law Firm of Brooks & Associates; and Jhon [sic] Steckel, Captain, Seward County Sheriff's Office. For relief, Plaintiff seeks compensatory and punitive damages.

## II. Statutory Screening

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are

insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to

plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  DISCUSSION

### 1. Legal Malpractice

Plaintiff has not shown that his state court defense attorney was acting under color of state law as required under § 1983.  *See Polk Cty. v. Dodson*, 454 U.S. 312, 318–19, 321–23 (1981) (assigned public defender is ordinarily not considered a state actor because their conduct as legal advocates is controlled by professional standards independent of the administrative direction of a supervisor); *see also Vermont v. Brillon*, 556 U.S. 81, 91 (2009); *Dunn v. Harper County*, 520 Fed. Appx. 723, 725-26, 2013 WL 1363797 at *2 (10th Cir. Apr. 5, 2013) ("[I]t is well established that neither private attorneys nor public defenders act under color of state law for purposes of § 1983 when performing traditional functions as counsel to a criminal defendant." (citations omitted)).  A criminal defense attorney does not act under color of state even when the representation was inadequate. *Briscoe v. LaHue*, 460 U.S. 325, 330 n.6 (1983).

Furthermore, legal malpractice is a state law claim.  "[A] legal malpractice claim is a state-law tort claim, not a § 1983 claim." *Wallin v. Arapahoe Cty. Detention Facility*, 244 F. App'x 214, 218 (10th Cir. 2007) (unpublished) (citation omitted).  Plaintiff's claims against his defense attorney are subject to dismissal for failure to state a claim.

### 2. Illegal Search and Seizure

Plaintiff also alleges that Defendant Steckel violated Plaintiff's right to be free from an unlawful search and seizure.  The Court may be prohibited from hearing Plaintiff's claims under *Younger v. Harris*, 401 U.S. 37, 45 (1971).  "The *Younger* doctrine requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that]

4

implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007) (unpublished) (citing *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). "Once these three conditions are met, Younger abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Buck*, 244 F. App'x at 197 (citing *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

An online Kansas District Court Records Search shows that Plaintiff's state criminal case is ongoing. *See State v. Scott*, Case No. 22-CR-432 (District Court of Seward County, Kansas). Plaintiff's attorney, Jacob P. Fitzgerald, filed a Notice of Appeal on October 2, 2024. Therefore, it appears that the first and second conditions for *Younger* abstention would be met because Kansas undoubtedly has an important interest in enforcing its criminal laws through criminal proceedings in the state's courts. *In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007) ("[S]tate control over criminal justice [is] a lynchpin in the unique balance of interests" described as "Our Federalism.") (citing *Younger*, 401 U.S. at 44). Likewise, the third condition would be met because Kansas courts provide Plaintiff with an adequate forum to litigate his constitutional claims by way of pretrial proceedings, trial, and direct appeal after conviction and sentence, as well as post-conviction remedies. *See Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993) ("[F]ederal courts should abstain from the exercise of . . . jurisdiction if the issues raised . . . may be resolved either by trial on the merits in the state court or by other [available] state procedures.") (quotation omitted); *see Robb v. Connolly*, 111 U.S. 624, 637 (1984) (state courts have obligation 'to guard, enforce, and protect every right granted or secured by the constitution

of the United States . . . ."); *Steffel v. Thompson*, 415 U.S. 452, 460–61 (1974) (pendant state proceeding, in all but unusual cases, would provide federal plaintiff with necessary vehicle for vindicating constitutional rights).

"[T]he *Younger* doctrine extends to federal claims for monetary relief when a judgment for the plaintiff would have preclusive effects on a pending state-court proceeding." *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004). Plaintiff's unlawful search and seizure claim may be stayed pending the resolution of the pending criminal charges. *See Garza v. Burnett*, 672 F.3d 1217, 1220 (10th Cir. 2012) (citing *Wallace v. Kato*, 549 U.S. 384, 393 (2007)); *Myers v. Garff*, 876 F.2d 79, 81 (10th Cir. 1989) (directing district court to stay claim for damages).

Plaintiff's notice of appeal in his state court criminal case states that he is appealing "from all adverse ruling in the District Court to the Appellant Court, to include, but not limited to, a Sentencing Hearing on May 9, 2024, before the Honorable Clinton Peterson, District Judge, and any other adverse rulings decided against the Defendant." (October 2, 2024 Notice of Appeal in Case No. 22-CR-432). A plea hearing was held on May 9, 2024, at which the parties announced that a plea agreement had been reached with Plaintiff entering a plea of no contest to "Count I, Distribution or Possession with Intent to Distribute a Controlled Substance within 1000' of School Property in violation of K.S.A. 21-5705(a)(1) & (d)(5)(B), Drug Felony/Level 1/NP and Count III, Criminal Possession of a Firearm by a Convicted Felon in violation of K.S.A. 21-6304(a)(3)(A), Felony/Level 8/NP." (May 16, 2024 Order in Case No. 22-CR-432). The state court then found Plaintiff guilty of those charges and dismissed the remaining charges with prejudice. *Id*.

If Plaintiff has been sentenced, any federal claim challenging the validity of his sentence

in his state criminal case must be presented in habeas corpus. "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody*." *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added). When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement. *Heck v. Humphrey*, 512 U.S. 477, 482 (1994); *see also Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by prisoner seeking habeas corpus relief); *see* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of available state court remedies). "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see Woodford v. Ngo*, 548 U.S. 81, 92 (2006); *Rose v. Lundy*, 455 U.S. 509, 518–19 (1982); Therefore, any claim challenging a state sentence is not cognizable in a § 1983 action.

Likewise, before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477 (1994). If Plaintiff has been convicted and a judgment on Plaintiff's claim in this case would necessarily imply the invalidity of that conviction, the claim may be barred by *Heck*. In *Heck v. Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless

7

> the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id*. at 487.  In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order.  *Id*. at 486–87.

 Plaintiff should show good cause why the Court is not required to abstain from hearing his search and seizure claim based on *Younger*.

### IV.  Motion to Seal or Redact

Plaintiff has filed a Motion to Seal or Redact (Doc. 3), seeking to seal or redact portions of his Complaint to ensure his safety.  The Court grants the motion to the extent that it will direct the Clerk to refile an unsealed copy of the Complaint with redactions of the paragraphs designated as (A1) on pages 19–21 and 26–27.  The original Complaint at Doc. 1 and Plaintiff's motion at Doc. 3 shall remain under seal.

The Court advises Plaintiff that the Court will not be taking any action on Plaintiff's allegations in the motion at Doc. 3 or in the redacted paragraphs of his Complaint.

### V.  Response Required

Plaintiff is required to show good cause why his claims against his state court defense attorney should not be dismissed for failure to state a claim.  Plaintiff should also show good cause why the Court is not required to abstain from hearing his search and seizure claim based on *Younger*.  Failure to respond by the deadline may result in dismissal of this case without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Seal or Redact (Doc. 3) is **granted** to the extent that the Court directs the Clerk to refile an unsealed

copy of the Complaint with redactions of the paragraphs designated as (A1) on pages 19–21 and 26–27.  The original Complaint at Doc. 1 and Plaintiff's motion at Doc. 3 shall remain under seal.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **November 12, 2024,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

Dated October 10, 2024, in Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**