IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MICHAEL RAY SCOTT,**

    **Plaintiff,**

    v.                                                                     **CASE NO. 24-3151-JWL**

**BARBARA NASH, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. At the time of filing, Plaintiff was in custody at the Seward County Jail in Liberal, Kansas ("SCJ"). Plaintiff is now incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas. The Court granted Plaintiff leave to proceed in forma pauperis. On October 10, 2024, the Court entered a Memorandum and Order to Show Cause (Doc. 5) ("MOSC") directing Plaintiff to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. This matter is before the Court on Plaintiff's response (Docs. 9, 11).

The underlying facts and the Court's screening standards are set forth in the Court's MOSC. In summary, Plaintiff's claims relate to his state court criminal proceedings. Plaintiff asserts legal malpractice and other claims against his defense counsel. Plaintiff also claims he was subjected to an illegal search and seizure.

The Court found in the MOSC that Plaintiff has not shown that his state court defense attorney was acting under color of state law as required under § 1983. The Court also found that legal malpractice is a state law claim. "[A] legal malpractice claim is a state-law tort claim, not a § 1983 claim." *Wallin v. Arapahoe Cty. Detention Facility*, 244 F. App'x 214, 218 (10th Cir.

2007) (unpublished) (citation omitted).  The Court found in the MOSC that Plaintiff's claims against his defense attorney are subject to dismissal for failure to state a claim.

The Court also found that it may be prohibited from hearing Plaintiff's claims under *Younger v. Harris*, 401 U.S. 37, 45 (1971), because Plaintiff's state criminal case was ongoing. *See State v. Scott*, Case No. 22-CR-432 (District Court of Seward County, Kansas).   However, Plaintiff has now been sentenced in his state criminal case.

The Court noted in the MOSC that a plea hearing was held on May 9, 2024, at which the parties announced that a plea agreement had been reached with Plaintiff entering a plea of no contest to "Count I, Distribution or Possession with Intent to Distribute a Controlled Substance within 1000' of School Property in violation of K.S.A. 21-5705(a)(1) & (d)(5)(B), Drug Felony/Level 1/NP and Count III, Criminal Possession of a Firearm by a Convicted Felon in violation of K.S.A. 21-6304(a)(3)(A), Felony/Level 8/NP."  (May 16, 2024 Order in Case No. 22-CR-432).  The state court then found Plaintiff guilty of those charges and dismissed the remaining charges with prejudice. *Id*.

The Court found in the MOSC that if Plaintiff has been sentenced, any federal claim challenging the validity of his sentence in his state criminal case must be presented in habeas corpus.  "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody.*" *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added).  When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement.  *Heck v. Humphrey*, 512 U.S. 477, 482 (1994); *see also Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state

court remedies is required by prisoner seeking habeas corpus relief); *see* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of available state court remedies). "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see Woodford v. Ngo*, 548 U.S. 81, 92 (2006); *Rose v. Lundy*, 455 U.S. 509, 518–19 (1982);  Therefore, any claim challenging a state sentence is not cognizable in a § 1983 action.

A Sentencing Journal Entry of Sentencing was entered in Plaintiff's state criminal case on October 10, 2024, and a Sentencing Nunc Pro Tunc Sentencing Journal Entry was entered on October 16, 2024. Plaintiff was sentenced to 114 months of incarceration and 36 months of postrelease supervision. Plaintiff provided a notice of change of address in this case indicating that he is now incarcerated at the El Dorado Correctional Facility. (Doc. 12.)

The Court found in the MOSC that before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question. The Court found that if Plaintiff has been convicted and a judgment on Plaintiff's claim in this case would necessarily imply the invalidity of that conviction, the claim may be barred by *Heck*. In *Heck v. Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

3

*Id*. at 487.  In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order. *Id*. at 486–87.

In his response, Plaintiff continues to assert claims against his state court defense attorney. (Doc. 9, at 2.)  Plaintiff's response sets forth arguments regarding his medical care, which is the subject of Plaintiff's other case pending before this Court.[1]  *See Scott v. Ward*, Case No. 24-3095.  Plaintiff then argues that the state criminal court allowed ineffective assistance of counsel and that he was not provided with conflict-free counsel.  (Doc. 9, at 7.)  Plaintiff continues to make arguments regarding his state court criminal proceedings, but fails to address the findings in the MOSC regard the need to attack his sentence in a habeas action and the *Heck* bar.  Plaintiff has failed to show good cause why this matter should not be dismissed.  The Court dismisses this matter for failure to state a claim.[2]

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Subpoena Plaintiff's Medical Records (Doc. 10) is **denied.**

**IT IS SO ORDERED**.

**Dated November 21, 2024, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**

---

[1] Plaintiff filed another response (Doc. 11) addressing his medical care, and a Motion to Subpoena Plaintiff's Medical Records (Doc. 10).
[2] A dismissal based on *Heck* is for failure to state a claim. *See Smith v. Veterans Admin.*, 636 F.3d 1306, 1312 (10th Cir. 2011).